# EXHIBIT A

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA *ex rel.*                              )
STEPHEN D. KELLEY, District Attorney          )
for the Brunswick Judicial Circuit,                     )
                                                                        )
                  Plaintiff,                          )    CIVIL ACTION No. _____ 08V0302 552
                                                                        )
v.                                                                     )
                                                                        )
Fairley Cisco;                                                  )
Cisco Travel Plaza, Inc.;                                 )
Cisco Travel Plaza II, Inc.;                             )
Cisco Oil, Inc. ;                                              )    **STATE OF GEORGIA**
Cisco Express, Inc.;                                       )    **CAMDEN SUPERIOR COURT**
Cisco Enterprises, Inc.;                                  )
Althea Cisco Moore a/k/a Althea Cisco Shave;   )    FILED 5-4-08 AT 11:25 AM
Tammy Cisco Walker;                                    )
Winfield Cisco;                                              )    Susan L. Walden CLERK
Charles McConnell;                                        )
Poor Boy's Oil Company, Inc.;                        )
Robert M. Clark;                                             )
Alana McQuarry;                                            )
Sheri Robbins;                                                )
United Fuel, Inc.;                                            )
Kuldeep S. Sekhon;                                        )
Kingsland Management, LLC;                          )
Kingsland Management II LLC;                        )
Jack Ghazi;                                                     )
Georgia Petro USA, LLC;                                )
Georgia Petro II USA LLC;                              )
Georgia Energy USA LLC;                              )
Biju Abraham;                                                )
Kushal Yekundi;                                             )
                                                                        )
             Defendants in Personam;             )
                                                                        )
The Property and Premises of Cisco Travel      )
Plaza I located at 5369 Laurel Island Parkway  )
Kingsland, Georgia, said property more            )
particularly described in the legal description    )
attached hereto as exhibit "A"                          )
                                                                        )

The Property and Premises of Cisco Travel )
Plaza II located at 491 Saint Marys Road, )
St. Mary's, Georgia, said property more )
particularly described in the legal description )
attached hereto as exhibit "B" )
 )
The  Property and Premises of Cisco Express )
located at 5289 Laurel Island Parkway )
Kingsland, Georgia, said property more )
particularly described in the legal description )
attached hereto as exhibit "C" )
 )
          Defendants in Rem. )

## COMPLAINT

The State of Georgia *ex rel.* Stephen D. Kelley, District Attorney for the Brunswick

Judicial Circuit, files this Complaint against the above-named Defendants pursuant to the

Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1 *et seq.*,

(hereinafter "the Georgia RICO Act"), showing this Court in support thereof the following:

### JURISDICTION, VENUE AND PARTIES

1.

Defendant Fairley Cisco is subject to the personal jurisdiction of this Court and may be

served with process at 1205 Mush Bluff, Saint Marys, Georgia.

2.

Defendant Cisco Travel Plaza, Inc. is a Georgia corporation doing business in

Camden County, and is subject to the personal jurisdiction of this Court and may be served with

process at 5369 Laurel Island Parkway, Kingsland, Georgia which is its principal office address.

3.

Defendant Cisco Travel Plaza II, Inc., is a Georgia corporation doing business in Camden

County, and is subject to the personal jurisdiction of this Court and may be served with process

at 491 St. Marys Road, Saint Marys, Georgia, which is its principal address.

4.

Defendant Cisco Oil, Inc., is a Georgia corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Marys Road, Saint Marys, Georgia, which is its principal address.

5.

Defendant Cisco Express, Inc., is a Georgia corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at 5289 Laurel Island Parkway, Kingsland, Georgia, which is its principal office address.

6.

Defendant Cisco Enterprises, Inc., is a Georgia Corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at 1104 Colerain Road, Kingsland, Georgia, which is its principal address.

7.

Defendant Althea Cisco Moore also known as Althea Cisco Shave is subject to the personal jurisdiction of this Court and may be served with process at 5369 Laurel Island Parkway, Kingsland, Georgia.

8.

Defendant Tammy Cisco Walker is subject to the personal jurisdiction of this Court and may be served with process at 5369 Laurel Island Parkway, Kingsland, Georgia.

9.

Defendant Winfield Cisco is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Mary's Road, Saint Mary's, Georgia.

10.

Defendant Charles McConnell is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Mary's Road, Saint Mary's, Georgia.

11.

Defendant Poor Boy's Oil Company, Inc. is a Georgia corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at Rural Route 1 Box 475 Folkston, Georgia which is its principal office address.

12.

Defendant Robert Clark is subject to the personal jurisdiction of this Court and may be served with process at Rural Route 1 Box 475 Folkston, Georgia.

13.

Defendant Alana McQuarry is subject to the personal jurisdiction of this Court and may be served with process at Rural Route 1 Box 475 Folkston, Georgia.

14.

Defendant Sheri Robbins is subject to the personal jurisdiction of this Court and may be served with process at Rural Route 1 Box 475 Folkston, Georgia.

15.

Defendant United Fuel, Inc., is a Georgia corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with the process at 491 St. Marys Road Saint Marys, Georgia, which is its principal office address.

16.

Defendant Kuldeep Sekhon is subject to the personal jurisdiction of this Court and may

be served with process at 106 Bright Morning Court, Kingsland, Georgia.

17.

Defendant Kingsland Management, LLC is a Georgia corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at 5289 Laurel Island Parkway, Kingsland, Georgia, which is its principal office address.

18.

Defendant Kingsland Management II, LLC is a Georgia Corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Marys Road, Saint Marys, Georgia, which is its principal address.

19.

Defendant Jack Ghazi is subject to the personal jurisdiction of this Court and may be served with process at 5369 Laurel Island Parkway, Kingsland, Georgia.

20.

Defendant Georgia Petro USA, LLC is a Georgia corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Marys Road, Saint Marys, Georgia.

21.

Defendant Georgia Petro II USA, LLC is a Georgia corporation doing business in Camden County and is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Marys Road, Saint Marys, Georgia, which is its principal address.

22.

Defendant Georgia Energy USA, LLC is a Georgia Corporation doing business in Camden County, and is subject to the personal jurisdiction of this Court and may be served with

process at 491 St. Marys Road, Saint Marys, Georgia, which is its principal address.

23.

Defendant Biju Abraham is subject to the personal jurisdiction of this Court and may be served with process at 491 St. Marys Road, Saint Marys, Georgia.

24.

Defendant Kushal Yekundi is subject to the personal jurisdiction of this Court and may be served with process at 571 Marina Point Drive, Daytona Beach, Florida.

25.

Defendants in rem are real properties located in Camden County, Georgia and are subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

26.

Beginning at least in 2000 and continuing to present, the above-named Defendants have owned and operated three retail fuel stations in Camden County, Georgia: 1) Cisco Travel Plaza II, located at Exit 1 on the Eastern side of Interstate Highway I-95, 2) Cisco Travel Plaza I and 3) Cisco Express, both located at Exit 6 on the Eastern side of Interstate Highway I-95. Said fuel stations have been continuously engaged in the sale of gasoline and diesel fuel to consumers during said time period.

27.

Beginning at least as early as April 2005, the fuel pumps at said stations were intentionally altered by Defendants to indicate that customers were receiving a larger quantity of gasoline or diesel fuel than was actually dispensed. Consequently, customers were fraudulently

induced to pay for gasoline or diesel fuel never received.

28.

In addition, Defendants represented to customers that they were receiving premium grade gasoline while in fact they were receiving a lower octane gasoline.

29.

Defendants have operated said fuel stations as a continuous enterprise through a pattern of criminal activity including fraud and theft.

## COUNT ONE

### Violation of the Georgia Racketeer Influenced

### and Corrupt Organizations Act (RICO), O.C.G.A. Section 16-14-1, *et seq.*

#### Enterprise

30.

The above – listed defendants in personam individually, and through an association in fact with the other named Defendant persons and entities collectively, constitute an "enterprise" as that term is used in O.C.G.A. Section 16-14-3(6); and the businesses of Cisco Travel Plaza I, Cisco Travel Plaza II, and Cisco Express constitute an "enterprise" as that term is used in O.C.G.A. Section 16-14-3(6), herein after referred to as "The Enterprise".

31.

Beginning on or before August 2000 and continuing to the present, Defendant Fairley Cisco through Defendant entities Cisco Travel Plaza, Inc., Cisco Travel Plaza II, Inc., Cisco Oil, Inc., Cisco Express, Inc., and Cisco Enterprises, Inc. has operated, controlled and maintained an interest in "The Enterprise" and the proceeds derived therefrom.

32.

Defendants Fairley Cisco, Althea Cisco Moore also known as Althea Cisco Shave, Winfield Cisco, and Charles McConnell are corporate officers of the Defendant corporations set forth in Paragraph 31 of this complaint, and beginning on or before August 2000 and continuing to the present have operated, controlled and maintained an interest in "The Enterprise" and the proceeds derived therefrom.

33.

Beginning in August 2000 and continuing until December 2006, Defendants Althea Cisco Moore also known as Althea Cisco Shave and Tammy Cisco Walker jointly owned the real estate which comprises the premises of "The Enterprise", and maintained an interest in "The Enterprise" and the proceeds derived therefrom.

34.

Beginning at least in December 2006 and continuing until January 2008, Defendant Robert Clark through Defendant entity Poor Boy's Oil Company, Inc. has operated, controlled and maintained an interest in "The Enterprise" and the proceeds derived therefrom.

35.

Defendants Robert Clark, Alana McQuarry, and Sheri Robbins are corporate officers of the Defendant entity Poor Boy's Oil Company, Inc., and beginning on or before December 2006 and continuing to January 2008 have operated, controlled and maintained an interest in "The Enterprise" and the proceeds derived therefrom.

36.

Beginning in December 2006 and continuing to January 2008, Kuldeep S. Sekhon through Defendant entity United Fuel, Inc. operated, controlled and maintained an interest in

"The Enterprise" and the proceeds derived therefrom.

37.

Defendant , Kuldeep S. Sekhon is a corporate officer and shareholder Defendant entity
United Fuel, Inc.

38.

Beginning in January 2008 and continuing to the present, Defendant Jack Ghazi through
Defendant entities Kingsland Management LLC and Kingsland Management II LLC has
operated, controlled and maintained an interest in "The Enterprise" and the proceeds derived
therefrom.

39.

Beginning in January 2008 and continuing to the present, Defendants Kushal Yekundi
and Biju Abraham through Defendant entities Georgia Petro USA, LLC, Georgia Petro II USA,
LLC, and Georgia Energy USA, LLC have operated, controlled and maintained an interest in
"The Enterprise" and the proceeds derived therefrom.

40.

Defendants Kushal Yekundi, Biju Abraham, and Jack Ghazi are the owners and operators
of Defendant entities set forth in Paragraphs 38 and 39 of this complaint and have operated,
controlled and maintained an interest in "The Enterprise" and the proceeds derived therefrom
beginning in January 2008 and continuing to the present

41.

The above-named Defendants did through a pattern of racketeering activity and proceeds
derived there from did acquire and maintain directly and indirectly, an interest in and control of
"The Enterprise", and the proceeds derived therefrom in violation of O.C.G.A Section 16-14-

4(a).

42.

The above-named Defendants were unlawfully employed by and associated with "The Enterprise", and did conduct and participate in, directly and indirectly, such enterprise through a pattern of racketeering activity in violation of O.C.G.A. Section 16-14-4(b).

43.

The above-named Defendants did conspire or endeavor to violate O.C.G.A Section 16-14-4(a) and Section 16-14-4 (b) as set forth in foregoing paragraphs 39 and 40 in violation of O.C.G.A Section 16-4-4(c).

### Pattern of Racketeering Activity

44.

The above-named Defendants conducted or participated in the affairs of "The Enterprise" through a "pattern of racketeering activity" as that term is defined at O.C.G.A. Section 16-14-3(8) consisting of the following predicate acts:

(a) violation of Article 1 of Chapter 8 of Title 16 of the Official Code of Georgia, relating to theft by deception, to wit: Said defendants did alter fuel pumps to indicate that the customer was receiving a larger quantity of fuel than was actually dispensed beginning at least in or about April 2005 and continuing through February 12th, 2008;

(b) violation of Article 1 of Chapter 8 of Title 16 of the Official Code of Georgia, relating to theft by deception, to wit: Said defendants did represent to customers that they were purchasing a higher octane of gas than was actually being dispensed beginning at least in or about April 2005 and continuing through February 12th, 2008;

(c) violation of the Official Code of Georgia Section 16-9-33 relating to unauthorized use

of financial transaction cards, to wit: Said defendants did fail to furnish fuel to customers which was represented to the card issuer as being furnished beginning at least in or about April 2005 and continuing through February 12th, 2008;

(d) violation of Article 1 of Chapter 8 of Title 16 of the Official Code of Georgia, relating to theft of services, to wit; Cisco Travel Plaza I did obtain electrical power from Okefenokee Rural Electric Corporation by bypassing the electrical meter for said premises beginning on or about August, 2006 and continuing to on or about September, 2006;

(e) violation of O.C.G.A Section 16-14-3(9)(B) relating to gambling and theft as chargeable under the laws of the State of Florida, to wit: Defendants Fairley Cisco and Althea Cisco Moore did operate illegal video gambling machines in Cisco Vegas Paradise located in Yulee, Florida on or about 2004.

45.

All of the predicate acts of racketeering activity under Georgia RICO occurred after July 1, 1980, and the last of such incidents occurred within four years after the commission of a prior incident of racketeering activity.

46.

As a direct and proximate result of the Defendants' violations of O.C.G.A. Section 16-14-4(a),(b), and (c). Plaintiff is entitled to the relief provided for in O.C.G.A. Section 16-14-6(a)(1) through (5).

47.

Plaintiff is also entitled to recover the costs and attorneys' fees of investigation and litigation reasonably incurred in connection with this action pursuant to O.C.G.A. Section 16-14-6(c).

48.

Plaintiff is further entitled to obtain forfeiture to the State of Georgia of all property of every kind used or intended for use in the course of, derived from, or realized through the foregoing pattern of racketeering activity pursuant to O.C.G.A. Section 16-4-7(a).

49.

As a result of his violation of O.C.G.A. Section 16-14-4 (a),(b), and (c) Defendants should also be required to divest themselves of any interest in any real and personal property which was paid for, directly or indirectly, from the proceeds of the foregoing racketeering activities or which constitutes such proceeds.

## COUNT TWO

### Injunctive Relief

50.

Defendants have in their possession, custody, and control both personal and real property, including money, obtained and derived through the unlawful acts, practices, and transactions more particularly described hereinabove.

51.

Unless restrained and enjoined by the Court, the Defendants will conceal and dispose of such personal and real property, including money. Specifically, Defendant Fairley Cisco has concealed his ownership and control of personal and real property by placing said property in the names of his children and other relatives who have no bona fide interest in said property.

52.

This Court should temporarily and permanently enjoin the Defendants from disposing, conveying, transferring, assigning, or otherwise alienating any of his property, both personal and

real, including money, until further order of this Court.

53.

This Court has authority to grant the injunctive relief sought in this Count pursuant to O.C.G.A. §§16-14-6 and 16-14-9.

COUNT THREE

Appointment of a Receiver

54.

As a consequence of the unlawful acts, practices, and transactions as more fully set forth hereinabove, the Defendant has, directly and indirectly, acquired and accumulated property and assets, including money, with monies and funds directly traceable to and derived from criminal activity.

55.

Plaintiff is entitled to the appointment of a receiver with all the power and authority generally exercisable by receivers under the laws of this State, including, without limitation, the power and authority:

(a) to take immediate custody, control, and possession of the assets of the Defendant;

(b) to marshal and account to this Court for the assets so seized;

(c) to preserve and protect such assets pending further order of this Court; and

(d) to take such action as may be directed by the Court to insure the availability of such assets to respond to any judgment the Court may enter in this action.

56.

This Court has authority to grant the relief sought in this Count pursuant to O.C.G.A. §§16-14-6 and 16-14-9.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against the Defendant as follows:

(a) that under COUNT ONE:

(i) the Court, pursuant to O.C.G.A. Section 16-14-6(a)(1), order the Defendants to divest themself of and forfeit to Plaintiff any and all interests in any enterprise, real property, and personal property, including money, acquired by them, directly and indirectly, from the acts, practices, and transactions in which they engaged through their violations of the Georgia RICO Act regardless of whether title to such property and assets is held by them legally, equitably, or beneficially, and that the Defendants provide a full and complete accounting of all monies obtained by them as well as an accounting of the expenditure of such proceeds to purchase, acquire, and obtain all property of whatever kind and description and wherever located;

(ii) the Court, pursuant to O.C.G.A. Section 16-14-6(a)(2), impose reasonable restrictions upon the future activities and investments of the Defendants including, but not limited to, prohibiting them from engaging in the same type of endeavors as the enterprise alleged hereinabove;

(iii) the Court, pursuant to O.C.G.A. Section 16-14-6(a)(3), order the dissolution of any RICO enterprise controlled, owned, or operated by the Defendants;

(b) that under COUNT TWO :

(i) the Court temporarily, preliminarily, and permanently restrain and enjoin Defendants from disposing, conveying, transferring, assigning, or otherwise alienating any of their property, both personal and real, including money, until further order of this Court; and

(ii) the Court temporarily, preliminarily, and permanently restrain and enjoin Defendant from practicing medicine in the State of Georgia and suspend his license to do so until further

order of this Court; and

(c) that under COUNT THREE:

(i) the Court appoint a receiver over the property of the Defendants, and that such receiver be vested with all the power and authority generally exercisable by receivers under the laws of this State, including, without limitation, the power and authority:

(A) to take immediate custody, control, and possession of the assets of the Defendants wherever situated;

(B) to marshal and account to this Court for the assets so seized;

(C) to preserve and protect such assets pending further order of this Court; and

(D) to take such action as may be directed by this Court to insure the availability of such assets to respond to any judgment the Court may enter in this action;

(e) that the Court award Plaintiff the attorneys' fees and costs incurred in the investigation and litigation of this action; and

(f) that the Court grant Plaintiff such other and further relief as the Court deems just and equitable.

This _4th_ day of _March_, 2008.

Respectfully submitted,

_Stephen D. Kelley_
STEPHEN D. KELLEY
Georgia Bar No. 413125
District Attorney

Office of the District Attorney
Brunswick Judicial Circuit
P.O. Box 369
Woodbine, Georgia 31569
Telephone: (912) 576-3704

**Georgia, Camden County**

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized by Georgia Law to administer oaths, Stephen D. Kelley, District Attorney for the Brunswick Judicial Circuit, who, after being duly sworn on oath, says that the pleading to which this verification is made has been read and understood and that the facts and matters alleged therein are true, to the best information, knowledge and belief of the undersigned.

_____ (SEAL)

Sworn to and subscribed before me, this 4th day of March , 2008.

_____
Notary Public

My Commission Expires: _____

Notary Public, Glynn County, Georgia
My Commission Expires Aug. 30, 2009



BOOK    PAGE

LEGAL DESCRIPTION          1407    00705

This property description is to describe tax parcels 20-A and 20-B as per Tax Map 94: Leonard E. Henry, Georgia Registered Land Surveyor No. 1842. This tract of land contains 344,120 square feet (7.8999 acres), hereafter referred to as the subject property.

All that tract or parcel of land lying and being in the 1606ᵗʰ G. M. District, Camden County, Georgia, more fully described as follows:

The point of commencement (P.O.C.) is a concrete monument found at the intersection of the northerly right-of-way of Laurel Island Parkway (100' R/W, aka, Colerain - St. Marys Road or Colerain Road) and the easterly right-of-way of Brazell Road (80' R/W), this point also being the point of beginning (P.O.B.). Thence, N 23° 55' 44" W, a distance of 116.47' to a point, being a concrete monument found. Thence, continue along the easterly right-of-way of Brazell Road, N 07° 16' 37" E, a distance of 364.71' to a point, being a ½" pipe found. Thence, L1, N 07° 17' 08" E, a distance of 34.13' to a nail set in asphalt. Thence, C1, N 02° 32' 40" E, a chord distance of 101.73' with an arc of 101.85' and a radius of 611.91' to a point being a ½" rebar set. Thence, L2, S 82° 48' 42" E, a distance of 32.02' to a point being a nail set in asphalt. Thence, N 17 ° 09' 53" E, a distance of 390.91' to a ½" pipe found and re-set. Thence, along the northerly property line of the subject property, S 82° 48' 42" E, a distance of 305.56' to a point being a ½" rebar found at the northerly property corner of the subject property. Thence, S 07° 11' 18" W, a distance of 385.00' to a ½" pipe found. Thence, L3, N 82° 48'.42" W, a distance of 36.56' to a point being a nail set in a curb. Thence, S 07° 16' 43" W, a distance of 599.79' to a concrete monument found on the northerly right-of-way of Laurel Island Parkway and the southeasterly property corner of the subject property. Thence, along the northerly right-of-way of Laurel Island Parkway and the southerly property line of the subject property, N 82° 50' 26" W a distance of 300.00' to a point being a concrete monument found. This point also being the point of beginning.

This being the same property conveyed to Tammy Cisco Walker and Aletha Cisco Shave by virtue of a quitclaim deed from Cisco Food Mart, Inc., dated November 13, 2006, recorded November 16, 2006, in Record Book 1307, Page 872, Camden County, Georgia, records; and a quitclaim deed from Fairley Cisco, dated November 13, 2006, recorded November 16, 2006, in Record Book 1307, Page 874, of said records.

Subject property Map/Parcel Nos. 094 020A and 094 020B.

Recorded   JAN 2 4 2008

Clerk Superior Court

FTL 106,931,904 1/18/2008

$Exhibit$ "A"

BOOK     PAGE

1407    00702



## LEGAL DESCRIPTION

This property description is to describe tax parcels 48 and 48A as per Tax Map 108 in the City of St. Marys, by Leonard E. Henry, Georgia Registered Land Surveyor No. 1842. This tract of land contains 718,434 square feet (16.4930 acres), hereafter referred to as the subject property.

All that tract or parcel of land lying and being in the 1606ᵗʰ G. M. District, Camden County, Georgia, more fully described as follows:

The point of commencement (P.O.C.) is a concrete monument found at the intersection of the northerly right-of-way of St. Marys Road (R/W varies in this area) and the westerly right-of-way of Haddock Road (100' R/W), this point also being the point of beginning P.O.B). Thence, along the northerly property line of St. Marys Road, S 79° 12' 20" W a distance of 350.55' to a ½" rebar set. Thence, L1, S 80° 15' 05" W, a distance of 9.31' to a point being a concrete monument found. Thence, L2, N 54° 49' 18" W, a distance of 35.79' feet to a point being a concrete monument found. Thence, along the easterly right-of-way of northbound On Ramp "L" to I-95, N 10° 56' 00" W, a distance of 73.21' to a point being a ½" rebar set. Thence, continue N 10° 44' 29" W, a distance of 132.54' to a point being a ½" rebar set. Thence, N 33° 28' 55" W, a chord distance of 289.45' with an arc of 297.16' and a radius of 375.00' to a nail set in concrete. Thence, continue along the easterly right-of-way of northbound On Ramp "L" to I-95, N 63° 27' 33" W, a distance of 231.14' to a point being a ½" rebar set. Thence, N 62° 24' 14" W, a distance of 167.85' to a point being a concrete monument found. Thence, N 50° 02' 02" W, a chord distance of 326.36' with an arc of 327.61' and a radius of 1,030.92' to a point being a ½" rebar set. Thence, continue along the northbound On Ramp "L" to I-95, N 31° 46' 32" W, a distance of 198.90' to a ½" rebar set. Thence, N 18° 57' 38" W, a distance of 239.40' to a ½" rebar set (STA. 111+00). Thence, L3, N 12° 57' 26" W, a distance of 54.95" to a point being a ½" rebar set. Thence, L4, N 14° 03' 50" W, a distance of 41.21' to a ½" rebar set. Thence, N 13° 03' 46" W, a distance of 83.38' to a point being a ½" rebar set. Thence, N 13° 00' 58" W, a distance of 619.77' to a right-of-way concrete monument found (STA. 119+00). Thence, L5, N 10° 06' 43" W, a distance of 28.92' to a concrete monument found at the northwesterly property corner of the subject property. Thence, L6, S 67° 43' 46" E, a distance of 65.58' to a ½" rebar set. Thence, S 29° 42' 36" E, a distance of 619.68' to a point being a ½" rebar set. Thence, S 29° 09' 04" E a distance of 568.94' to a ½" rebar set. Thence, N 74° 43' 07" E, a distance of 370.69' to a point being a ½" rebar set of the westerly right-of-way of Haddock Road. Thence, S 23° 28' 51" E, a chord distance of 602.95' with an arc of 615.77' and radius of 868.51' to a ½" rebar set. Thence, S 43° 47' 31" E, a distance of 174.42' to a ½" rebar set. Thence, continue along the westerly right-of-way of Haddock Road, S 28° 47' 20" E, a chord distance of 398.13' with an arc of 402.72' and a radius of 768.98' to a concrete found. This point also being the point of beginning.

This being the same property conveyed to Tammy Cisco Walker and Aletha Cisco Moore by virtue of a quitclaim deed from Cisco Enterprises, Inc., dated July 19, 2001, recorded July 25, 2001, in Record Book 842, Page 314, Camden County, Georgia, records, and corrected by instrument dated November 13, 2006, recorded November 16, 2006, in Record Book 1307, Page 863, of said records; and by Cisco Travel Plaza, Inc., dated July 19, 2001, recorded July 25, 2001, in Record Book 842, Page 317, Camden County, Georgia, records, and corrected by instrument dated November 13, 2006, recorded November 16, 2006, in Record Book 1307, Page 866, of said records.

Subject property Map/Parcel No. 108 048.          Recorded  JAN 2 4 2006



FTL 106,931,909 1/16   208

BOOK    PAGE
1407    00708



## LEGAL DESCRIPTION

This property description is to describe tax parcel 19-D as per Tax Map 94: Leonard E. Henry, Georgia Registered Land Surveyor No. 1842. This tract of land contains 217,818 square feet (5.0004 acres), hereafter referred to as the subject property.

All that tract or parcel of land lying and being in the 1606th G. M. District, Camden County, Georgia, more fully described as follows:

The point of commencement (P.O.C.) is a concrete monument found at the intersection of the westerly right-of-way of Brazell Road (80' R/W) and the northerly right-of-way of Laurel Island Parkway (aka, Colerain - St. Marys Road or Colerain Road), this point also being the point of beginning (P.O.B.). Thence, continue along the northerly right-of-way of Laurel Island Parkway, N 78° 01' 13" W, a distance of 251.24' to a point being a concrete monument found. Thence, N 38° 08' 08" W, a distance of 194.97' to a point. This point being a ½" rebar set. Thence, N 17° 52' 36" W, a distance of 100.69' to a point being a ½" rebar set. Thence, N 10° 03' 17" W, a distance of 215.00' to a point being a ½" rebar found at the northwesterly property corner of the subject property. Thence, along the northerly property line of the subject property, S 88° 13' 10" E, a distance of 557.80' to a point being a ½" rebar found at the northeasterly property corner of the subject property. Thence, along the westerly right-of-way of Brazell Road, C1, S 06° 49' 03" W, a chord distance of 9.19' with an arc of 9.19' and a radius of 531.91' to a point being a concrete monument found on the easterly property line of the subject property. Thence continue along the westerly right-of-way of Brazell Road and the easterly property line of the subject property S 07° 16' 37" W a distance of 399.36' to a point being a ½" rebar found. Thence, S 38 ° 14' 59" W, a distance of 115.08' to a point being a concrete monument found, this point also begin the point of beginning.

This being the same property conveyed to Tammy Cisco Walker and Aletha Cisco Moore by virtue of a quitclaim deed from Cisco Enterprises, Inc., dated August 25, 2000, recorded August 31, 2000, in Record Book 778, Page 144, Camden County, Georgia, records.

Subject property Map/Parcel No. 094 019D.



Recorded      JAN 2 4 2008
_____
                    Clerk Superior Court

FTL 106,931,908        2008

Exhibit "C"