# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| PATCO ENERGY EXPRESS, LLC, | : | CIVIL ACTION |
| PATCO ENERGY EXPRESS II, LLC, | | |
| and PATCO ENERGY EXPRESS III, | : | |
| LLC, Georgia limited liability | | |
| companies, | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| v. | : | |
| | | |
| MICHAEL G. LAMBROS, | : | |
| | | |
| Defendant. | : | No. CV209-004 |

## ORDER

Plaintiffs Patco Energy Express, LLC, Patco Energy Express II, LLC, and Patco Energy Express III, LLC, Georgia limited liability companies (hereinafter "Patco"), filed the above-captioned case against Defendant Michael G. Lambros on January 27, 2009, asserting claims under 42 U.S.C. § 1983 and for conversion.

In their complaint, Plaintiffs allege that Defendant, acting under color of state law as Receiver for Fairly Cisco (hereinafter "Cisco"), acted in bad faith in seizing Plaintiffs' property without granting Plaintiffs a hearing, as Plaintiffs allege is required by the Fifth and Fourteenth

Amendments to the United States Constitution. Complaint ¶ 22. Doc. No. 1. Plaintiffs contend that Defendant is liable under § 1983 for the damages incurred by Plaintiffs as a result of Defendant's alleged constitutional violations, and that Defendant is liable for the damages incurred by Plaintiffs as a result of Defendant's allegedly illegal conversion. Id. ¶¶ 22, 24.

Currently before the Court is Defendant's motion to dismiss, and Plaintiffs' motion to convert Defendant's motion to dismiss into a motion for summary judgment. Doc. Nos. 21 & 23. For the reasons set forth below, Plaintiffs' motion to convert Defendant's motion to dismiss into a motion for summary judgment will be **DENIED** and Defendant's motion to dismiss will be **GRANTED**.

**BACKGROUND**

For a detailed factual background of this case, see Court's Order denying Plaintiff's motion for a temporary restraining order and preliminary injunction, entered February 11, 2009. Doc. No. 17. It should be noted that this February 11 Order is being referenced for purposes of background

information only, and not being considered in ruling on Defendant's motion to dismiss.

**LEGAL STANDARD**

In determining the merits of a motion to dismiss, a court must assume "that all the allegations in the complaint are true (even if doubtful in fact)," see, e.g., Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), and must construe the averments in the light most favorable to the plaintiff. See, e.g., Sofarelli v. Pinellas County, 931 F.2d 718, 721 (11th Cir. 1991); see also Gunn v. Title Max of Alabama, Inc., No. 08-12197, 2008 U.S. App. LEXIS 19734, at *3-4 (11th Cir. Sept. 16, 2008).

However, "a plaintiff's obligation to provide 'the grounds' of his 'entitle[ment] to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (internal citation omitted). Rather, the contentions contained in the plaintiff's complaint must "plausibly suggest," and "not merely [be] consistent with," a recognized cause of action under the governing law. Id. at 557 ; see also Davis v. Coca-Cola Bottling Co. Consol., 516

F.3d 955, 974 n.43 (11th Cir. 2008) (discussing Twombly); Gunn, 2008 U.S. App. LEXIS 19734, at *4 ("[T]he plaintiff's 'factual allegations must be enough to raise a right to relief above the speculative level.'").

**DISCUSSION**

I. **Defendant's Motion Will Not Be Converted Into a Motion For Summary Judgment**

Under Rule 12(d) of the Federal Rules of Civil Procedure:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. Pro. 12(d).

Plaintiffs assert that Defendant's motion to dismiss should be converted into a motion for summary judgment under Rule 12(d) because Defendant's motion references and includes matters outside the pleadings. In reviewing Defendant's motion to dismiss, the only material referenced that falls outside of the pleadings are several references to Plaintiffs' motion for an injunction and temporary restraining order filed with this court. All of the other references in Defendant's

motion are either to Plaintiffs' complaint, or to exhibits attached to Plaintiffs' complaint.

As to Defendant's references to the exhibits attached to Plaintiffs' complaint, these references do not act to convert Defendant's motion into one for summary judgment. "An exhibit attached to a pleading is considered part of the pleading." Fed. R. Civ. Pro. 10(c); Metheny v. Smith, No. CV104-157, 2006 U.S. Dist. LEXIS 11645 (S.D. Ga. Jan. 31, 2006). The Eleventh Circuit Court of Appeals has held that a district court's consideration of an exhibit attached to the plaintiff's complaint does not require the court to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994). Accordingly, this Court may consider the exhibits attached to Plaintiffs' complaint in ruling on Defendant's motion to dismiss without converting the motion into one for summary judgment under Rule 12(d).

As to Defendant's references to Plaintiffs' motion for an injunction and temporary restraining order filed with this Court, the Court declines to consider this referenced material in ruling on Defendant's motion to dismiss. Because this material will not be considered by the Court, Rule 12(d) does

not require conversion. See Christy v. Sheriff of Palm Beach County, 288 Fed. Appx. 658, 665 (11th Cir. 2008).[1]

## II. **Complaint Must Be Dismissed Because Plaintiffs Have Not Obtained Permission of Appointing Court to Sue Receiver**

In Georgia, a plaintiff must obtain leave of the court appointing a receiver to sue that receiver. Bugg v. Lang, 35 Ga. App. 704, 704 (1926). Defendant asserts that Plaintiffs' complaint should be dismissed because Plaintiffs did not obtain the consent of the appointing court before initiating its suit against Defendant, the court-appointed receiver. Plaintiffs respond by citing the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and argue that such a rule cannot bind federal courts.

Although Plaintiffs are correct in their assertion that the Supremacy Clause refers to federal laws as "the supreme Law of the Land," what Plaintiffs fail to recognize is that the rule requiring the appointing court's consent before

---

[1] The Court does not offer an opinion on Defendant's assertion that Plaintiffs' motion for an injunction may be considered by the Court without converting Defendant's motion into one for summary judgment. The Court does, however, acknowledge Eleventh Circuit precedent holding that a Court may consider matters of public record, such as court orders, without converting the motion to one for summary judgment. See, e.g., Universal Express, Inc. v. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006).

initiating a suit against a receiver is not just a creature of Georgia law, but is part of the federal common law as well. See Barton v. Barbour, 104 U.S. 126, 127 (1888)("It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained."); Carter v. Rogers, 220 F.3d 1249, 1252 (11th Cir. 2000)(expanding the Barton doctrine to suit against bankruptcy trustee and referring to original doctrine as "a matter of federal common law."); Tex. Life Ins. Co. v. English, No. CV305-112, 2006 U.S. Dist. LEXIS 84007, at *4-6 (M.D. Ga. Nov. 17, 2006).

The Barton doctrine applies with equal, if not greater, force in cases such as this one--where the receiver was appointed by a state court and is being sued in federal court. In Barton itself, in fact, the receiver was appointed by a state court and sued in federal court. 104 U.S. at 131. In Porter v. Sabin, the United States Supreme Court applied Barton in another case where a state court appointed receiver was being sued in federal court. 149 U.S. 473. The Court in Porter held that "[t]he reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained . . . by a court of the United States." Id.

at 480. See also Carter, 220 F.3d at 1253 (holding that Barton doctrine applies equally in state and federal courts, and regardless of whether plaintiff is pursuing federal or state cause of action); English, 2006 U.S. Dist. LEXIS 84007, at *4-6 (applying Barton where state court appointed receiver being sued in federal court).

Although there is a statutory exception to the Barton doctrine, that exception does not apply in this case. 28 U.S.C. § 959(a) "provides for a limited exception to the Barton doctrine, permitting suits against 'trustees, receivers or managers of any property ... without leave of the court appointing them, with respect to any of their acts or transactions in carrying on the business connected with such property.'" Carter, 220 F.3d at 1254 (citing 28 U.S.C. § 959(a)). As the Eleventh Circuit noted in Carter, however:

> The "carrying on business" exception in § 959(a) is intended to "permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." Section 959(a) does not apply to suits against trustees for administering or liquidating the bankruptcy estate.

Id. (internal citations omitted). The Court in Carter held that, because the plaintiff's suit in that case involved the

-8-

defendants' duties "as they relate[d] to the administration and liquidation of his estate" and were "not premised on an act or transaction of a fiduciary in carrying out [Plaintiff]'s business operations," the § 959(a) exception was not applicable. Id.

Like the plaintiff in Carter, Plaintiffs in this case do not complain of acts committed by Defendant while carrying out Plaintiffs' business operations. Instead, as in Carter, Plaintiffs' claims relate to the "administration" and "liquidation" of the receivership property. Therefore, the "carrying on business" exception under § 959(a) does not apply to the facts of this case. Accordingly, the general rule that a plaintiff must receive consent from the appointing court before bringing suit against a court-appointed receiver is applicable.

Because Plaintiffs failed to obtain such consent before filing the complaint in this case, this Court lacks subject matter jurisdiction over Plaintiffs' claims. Barton, 104 U.S. at 131; Carter, 220 F.3d at 1255. Accordingly, Plaintiffs' complaint must be dismissed. Id.; Tex. Life Ins. Co. v. English, 2006 U.S. Dist. LEXIS 84007, at *6; Peia v. United States Bankr. Court, 62 Fed. Appx. 394, 396 (2d Cir. 2003);

Springer v. Infinity Group Co., No. 98-5182, 1999 U.S. App. LEXIS 20253, at *4-5 (10th Cir. Aug. 26, 1999).

**CONCLUSION**

For the reasons set forth above, Plaintiffs' motion to convert Defendant's motion to dismiss into a motion for summary judgment is **DENIED**. Doc. No. 23. Further, Defendant's motion to dismiss is **GRANTED**. Doc. No. 21.

**SO ORDERED** this ___8th___ day of May, 2009.

_____
Judge, United States District Court
Southern District of Georgia