IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 09-10790
Non-Argument Calendar

---

D.C. Docket No. 09-00004-CV-2

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 24, 2009
THOMAS K. KAHN
CLERK
```

PATCO ENERGY EXPRESS, LLC,
PATCO ENERGY EXPRESS II, LLC,
PATCO ENERGY EXPRESS III, LLC,
Georgia Limited Liability Companies,

Plaintiffs-Appellants,

versus

MICHAEL G. LAMBROS,

Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By_____
Deputy Clerk
Atlanta, Georgia

---

No. 09-12547
Non-Argument Calendar

---

D.C. Docket No. 09-00004-CV-2-LGW-JEG

PATCO ENERGY EXPRESS, LCC,
Georgia Limited Liability Companies,
PATCO ENERGY EXPRESS II, LCC,
Georgia Limited Liability Companies,
PATCO ENERGY EXPRESS III, LLC,
Georgia Limited Liability Companies,

Plaintiffs-Appellants,

versus

MICHAEL G. LAMBROS,

Defendant-Appellee.

---

Appeals from the United States District Court
for the Southern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

          Entered:    November 24, 2009
For the Court:    Thomas K. Kahn, Clerk
             By:    Gilman, Nancy



ISSUED AS MANDATE
MAR 31 2010
U.S. COURT OF APPEALS
ATLANTA GA

2

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-10790
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 24, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 09-00004-CV-2

PATCO ENERGY EXPRESS, LLC,
PATCO ENERGY EXPRESS II, LLC,
PATCO ENERGY EXPRESS III, LLC,
Georgia Limited Liability Companies,

Plaintiffs-Appellants,

versus

MICHAEL G. LAMBROS,

Defendant-Appellee.

No. 09-12547
Non-Argument Calendar

D.C. Docket No. 09-00004-CV-2-LGW-JEG

PATCO ENERGY EXPRESS, LCC,
Georgia Limited Liability Companies,
PATCO ENERGY EXPRESS II, LCC,
Georgia Limited Liability Companies,
PATCO ENERGY EXPRESS III, LLC,

Georgia Limited Liability Companies,

                                        Plaintiffs-Appellants,

versus

MICHAEL G. LAMBROS,

                                       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 24, 2009)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Patco Energy Express, LLC, Patco Energy Express II, LLC, and Patco Energy Express III, LLC ("Patco") appeal the district court's dismissal for want of subject matter jurisdiction of their action against Michael G. Lambros for claims pursuant to 42 U.S.C. §1983 and for conversion. We affirm.

The State of Georgia brought a civil action in the Superior Court of Camden County, Georgia, against Fairley Cisco asserting that Cisco violated the Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act. Due to the RICO action, the superior court appointed Lambros receiver over the property of Cisco. In

his capacity as receiver, Lambros took possession of certain fuel stations that had been owned and operated by Cisco. Patco claims they own some of the inventory located within those fuel stations. Without first seeking the permission of the superior court to file suit against its court-appointed receiver, Patco filed a 42 U.S.C. § 1983 action against Lambros in the United States District Court for the Southern District of Georgia alleging that the seizure of the inventory violated the due process clauses of the Fifth and Fourteenth Amendments. Their complaint also included a state law conversion claim.

One week after Patco filed suit in district court, Lambros moved the superior court for permission to sell, at auction, the property claimed by Patco. Patco then moved for a temporary restraining order and preliminary injunction, asking the district court to enjoin the superior court from approving the auction. Patco's motion was denied, and they appealed. Less than one week later, Lambros moved the district court to dismiss the suit for lack of subject matter jurisdiction and for failure to state a claim for relief because Lambros was entitled to immunity from suit. The district court dismissed the case, ruling that because Patco failed to obtain permission from the superior court to sue Lambros, its court-appointed receiver, the district court lacked subject matter jurisdiction over the case. Patco appealed the dismissal, and

that appeal was consolidated with the appeal of the denial of the motion for a temporary restraining order and preliminary injunction.

The *Barton* doctrine is a creature of both Georgia law and federal common law; it teaches, "that before a suit can be maintained against a receiver . . . it is necessary that the consent of the court appointing him be first obtained." *Bugg v. Lang*, 134 S.E. 623, 623 (Ga. App. 1926) (citation omitted); *Barton v. Barbour*, 104 U.S. 126, 127 (1888). This rule applies equally whether a state court appointed receiver is sued in state court, or as in this case, the receiver is sued in federal court. *See Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000) (applying *Barton* doctrine to suit against a bankruptcy trustee and holding "when leave is required, it is required before pursuing remedies in either state or other federal courts.") Where a plaintiff neglects to obtain leave from the appointing court, a suit filed against the receiver in another court must be dismissed for lack of subject matter jurisdiction. *Id.*

Patco's complaint does not allege that they sought leave of the Superior Court of Camden County before filing suit against Lambros in the district court. So, unless some exception to the *Barton* doctrine applies to this case—and one does not—the district court did not have subject matter jurisdiction over Patco's claims.

An exception to the *Barton* doctrine permits suits against receivers without leave of the appointing court with respect to acts or transactions "in carrying on the

4

business connected with such property." *Carter*, 220 F.3d at 1254 (citing 28 U.S.C. § 959(a)). This exception contemplates "actions redressing torts committed in furtherance of the debtor's business." *Id.* (quotation omitted). For example, if a customer of a gas station operated by a receiver slips and falls while shopping and alleges the fall was caused by negligence attributable to the receiver, the customer could bring suit against the receiver without first seeking permission from the appointing court. Here, however, Patco's allegations arise from liquidation of gas station assets, not the operation of the gas stations. Because they did not relate to any "business connected with such property," this exception does not apply.

Patco contends they were not required to obtain permission from the appointing court because a recent Georgia Supreme Court opinion invalidated a portion of the RICO statute that formed the basis for the state's action against Fairley Cisco. *See Cisco v. State*, 680 S.E.2d 831 (Ga. 2009). Lambros's appointment as receiver was prompted by that RICO action. Whether or not the *Cisco* decision affects Lambros's status as receiver, it is not relevant to this appeal. When Lambros committed the acts of which Patco complains, when Patco filed this lawsuit, and when the district court dismissed this case, Lambros was a duly appointed receiver. Nothing in the *Cisco* case relieves Patco of the duty to seek leave from the appointing court before filing suit against Lambros in a second court.

5

Patco were required, yet neglected, to obtain consent from the Superior Court of Camden County before filing suit in the district court. The district court correctly held that it lacked subject matter jurisdiction over Patco's claims.

Because the district court did not have subject matter jurisdiction to address Patco's motion for a temporary restraining order and preliminary injunction, we vacate the denial of this motion and dismiss the motion for want of jurisdiction. (R.1-17 at 20.) With the record so modified, we affirm the final judgment dismissing the action for want of jurisdiction.

## CONCLUSION

For the foregoing reasons, we affirm the judgment.

ORDERS ON MOTION VACATED and DISMISSED; FINAL JUDGMENT AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:/s/
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

March 31, 2010

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

**Appeal Number: 09-12547-FF**
Case Style: Patco Energy Express, LLC v. Michael G. Lambros
District Court Number: 09-00004 CV-2-LGW-JEG

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: Will Miller (404) 335-6194

Encl.

MDT-1 (06/2006)

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK  GA  31521-7075

---

March 31, 2010

**Appeal Number: 09-12547-FF**
Case Style: Patco Energy Express, LLC v. Michael G. Lambros
District Court Number:  09-00004 CV-2-LGW-JEG

TO:   Scott L. Poff

CC:   William Eugene Rutledge

CC:   Amy J. McCullough

CC:   Johannes S. Kingma

CC:   John Colquitt Rogers

CC:   Kenneth B. Hodges, III

CC:   Administrative File